SAMUEL, Chief Judge,
dissenting.
The only medical evidence relative to personal injuries was given by the treating physician, Dr. Chisesi, an orthopedic surgeon who saw Mrs. Perniciaro two days after the accident. He diagnosed her injuries as moderate cervical and lumbosacral strain. Objective evidence of muscle spasm was present in both areas. Under ordinary circumstances the doctor concluded her *CDLXXVI back condition would have cleared in one to two weeks, but x-rays taken at the hospital following the accident revealed narrowing at the C-5 and C-6 levels with hypertrophic changes. According to Dr. Chisesi, this indicates plaintiff had pre-existing osteoarthritis.
When seen on May 20, 1976 he noted continued headaches and pain in the neck. She was wearing a girdle which helped her back and requested permission to return to work on a trial basis. On June 10,1976 and January 7, 1977 she was seen by Dr. Lococo (Dr. Chisesi’s associate), who prescribed physical therapy. During the course of treatment she was taking medication, exercising and resting.
On March 23, 1977 she returned to Dr. Chisesi complaining of low back pain occurring two days before her appointment, radiating to both lower extremities, accompanied by numbness in those areas. She returned March 29, feeling better but still having pain in the lower left extremity. She was discharged April 26, 1977, eleven months and two weeks after the accident, feeling a lot better, although noting pain when lifting or vacuuming. The doctor concluded she was not severely disabled at this time, had recovered from her injuries which he diagnosed as cervical and lumbar strain, and should do well in the future.
The doctor stated that except for the accident she could have gone five, ten or fifteen years without any back problem from the pre-existing condition. On the other hand he agreed that even without the accident she could have had back problems.
Dr. Chisesi attributed Mrs. Perniciaro’s back problems and her prolonged recovery to the accident in suit. In his opinion recovery had been delayed as a result of the aggravation of her pre-existing back condition by the accident. He was unable to predict whether or not she might have future back trouble either associated with this accident or without it; she could go on for years without any further back trouble or it could reoccur from other causes.
The plaintiff wife and her husband testified she is employed at the First Parish Court as an “Indexer”. She is required to work with heavy books. She was out of work for two to three weeks following the accident. There is no evidence as to her salary, or as to whether or not she lost any wages as a result of the accident. They concurred that she is still unable to do any heavy lifting.
I am of the opinion the award of $500 for pain and suffering in the instant case is manifestly erroneous. The record does establish that under normal circumstances a party sustaining the injuries in suit would have recovered in two to three weeks. Under those circumstances an award of $500 could be adequate. However, the record clearly establishes to my satisfaction that Mrs. Perniciaro’s condition was prolonged because of her pre-existing osteoarthritis, which became symptomatic only because of the accident and lasted almost one year. That is the firm testimony of the treating physician and the record is completely devoid of any evidence to the contrary.
I am aware of the Supreme Court jurisprudence regarding the “great discretion” left to the trial judge or jury in the assessment of damages for personal injuries under Civil Code Article 1934(3) and the fact that the appellate courts should not disturb findings of fact which have a reasonable basis on the evidence adduced. However, in this case there is no evidence which supports a conclusion that Mrs. Perniciaro did not suffer from the effects of the accident for a much longer period of time than the “few weeks” the majority suggests was the “obvious” conclusion of the jury. And despite the majority’s quotations from the testimony of the treating physician, he was of the considered opinion, as mentioned above, that recovery was prolonged by the accident.
Under all of these circumstances, it appears to me that the majority’s action, based on what the jury might have concluded, constitutes a non-compliance or abdication of our appellate duty to review facts as required by Article 5, § 10(B) of the Constitution of 1974.
*CDLXXVII As I would substantially increase the amount of the award for personal injuries, I respectfully dissent.